LAND, J.
Plaintiff sued the defendant for the sum of $8,000 for 'damages for the death of her husband, Will Edwards, who on December 29, 1913, was killed in the wreck of a freight train on defendant’s line of railroad.
The main issue of fact raised by the pleadings is whether the deceased was a trespasser on defendant’s train at the time he was killed.
This issue was decided by the trial judge in favor of the 'defendant, and the plaintiff has appealed.
The petition alleges that Will Edwards was a laborer employed by the Standard Oil Company in the laying of a pipe line near Robeline, a station on defendant’s railroad; that on December 29, 1913, the said Edwards boarded one of defendant’s freight trains at Weaver’s Spur station, for the purpose of returning to his work on said pipe line; and that the train was wrecked, and Edwards was killed, before the train reached Robeline.
The petition does not allege that the deceased was a passenger or licensee; and the answer avers that Edwards, when killed, was stealing a ride on one Of defendant’s freight trains, without the knowledge of any of its agents, servants, or employés.
The negligence of the defendant company in the matter of the wreck is shown by the reports of its agents.
Will Edwards and Jesse Byas, colored, fellow servants, employed by the Standard Oil Company in pipe line work, boarded the local freight train, carrying passengers in its caboose, at Weaver’s Spur, intending to go to Robeline.
It is not pretended that either of them paid any cash fare, or took their seats among the passengers in the caboose.
But the plaintiff produced several witnesses, who testified that they saw Edwards or Byas, or both, assisting the train crew in unloading freight at Weaver’s Spur and at two other stations on the -line. Plaintiff argues that this work, according to railroad custom, entitled Edwards and Byas to a free ride on any freight car in the train.
On the other hand, the engineer, conductor, two brakemen, and fireman testified positively that they did not see Edwards or Byas on or about the train, and had no knowledge of their presence thereon, until after the wreck.
The conductor, who superintended, and the brakemen, who unloaded, freight at the way stations, positively denied that either Edwards or Byas rendered them any assistance.
The testimony of the trainmen was corroborated to some extent by the statement of two witnesses to the effect that Edwards said to them, at Weaver’s Spur, that he was going to “beat it” to Marthaville.
The trial judge, who saw and heard the witnesses, evidently found that the deceased was a trespasser.
After attentive perusal of the evidence, we are not prepared to reverse that finding as clearly erroneous.
It is not necessary in this case to decide how far the railroad company would have been bound if it had been proven that Edwards and Byas were permitted to ride on the train in consideration of their assistance in unloading freight at the way stations.
Judgment affirmed.
SOMMERVILLE, J., takes no part.